## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND
### (Southern Division)

| | |
|---|---|
| Monica Harley, Parent and Next Friend of D.W., a minor <br>          Plaintiffs, <br><br> v. <br><br> PRINCE GEORGE'S COUNTY BOARD OF EDUCATION ET AL. <br><br>          Defendants. | Case No.: 19-cv-00709-PJM |

PLAINTIFFS' SUPPLEMENT TO PLAINTIFFS' OPPOSITION TO
DEFENDANT BOARD OF EDUCATION'S MOTION FOR SUMMARY JUDGMENT

Plaintiff files this Supplement to Plaintiffs' Opposition to Defendant Board of

Education's Motion for Summary Judgment, and states for cause as follows:

**I.       Teachers, counselors and administrators are "appropriate persons" under Title IX based on the polices of Prince George's County Public Schools.**

Plaintiff files this supplement to clarify that, for purposes of Title IX, a teacher, counsel,

or administrator constitutes an "appropriate person," in Prince George's County Public School.

"[T]he ultimate question of who is an appropriate person is 'necessarily a fact-based

inquiry' because 'officials' roles vary among school districts.'" *Doe v. Sch. Bd*., 604 F.3d 1248,

1256 (11th Cir. 2010). *See also Murrell v. School Dist. No. 1*, 186 F.3d 1238, 1247 (10th Cir.

1999). "In order to answer the question, it would be necessary to examine how [the state]

organizes its public schools, the authority and responsibility granted by state law to

administrators and teachers, ***the school district's discrimination policies and procedures***, and

the facts and circumstances of the particular case." *Hawkins v. Sarasota Cty. Sch. Bd.*, 322 F.3d

1279, 1286 (11th Cir. 2003).

1

For example, in *Jones v. Indiana Area School District*, 397 F.Supp. 2d 628, 644 (W.D. Pa. 2005), the court determined that complaints made to individuals designated by the policies of the school district were sufficient to confer actual notice on the school district:

> Pursuant to the policies of the School District, Plaintiffs appropriately reported John Doe's conduct to teachers, guidance counselors and vice principals, who should have conveyed these reports to the building principal. Therefore, Plaintiffs have demonstrated that officials with sufficient control had actual knowledge of John Doe's harassment of Rachel beginning when she was in eighth grade.

*Id*. *See also Montgomery v. Indep. Sch. Dist. No. 709*, 109 F. Supp. 2d 1081, 1099 (D. Minn. 2000) ("the School District's sexual harassment policy imposes upon teachers a duty to convey reports of sexual harassment to the school principals. It is therefore clear that teachers had the authority to take at least this minimal corrective measure which, if effectively carried out, would impart knowledge of the harassment to higher School District officials with even greater authority to act"); *Ross v. Univ. of Tulsa*, 180 F. Supp. 3d 951, 966 (N.D. Okla. 2016) (two university police officers were "appropriate persons" under Title IX  because, among other reasons, "the Sexual Violence Policy, which references Title IX, designates TUCP [Univ. of Tulsa Campus Police] as a proper recipient of a sexual violence report" and "TU's Sexual Violence Policy and other surrounding facts could be viewed as creating an equitable expectation in students (and their parents) that a report to TUCP triggers any and all of TU's "corrective processes").

The Board's Administrative Procedure governing "Discrimination and Harassment" instructs students to bring such harassment "***to the prompt attention of a teacher, pupil personnel worker, counselor, or other appropriate school administrator***":

B. Students
1. It is the policy of the Board of Education of Prince George's County that all students should receive an education free from all forms of discrimination and harassment, including discrimination or harassment based upon race, color, sex,

2

age, national origin, religion, marital status, sexual orientation, or disability. Since harassment knows no age limit, the Board is further committed to maintaining an educational environment for all students which is free of harassment of any kind and from any source. Therefore, the Board will not tolerate or condone any discrimination or harassment committed by a school system employee, volunteer, or by another student.

2. ***A student who believes that he or she is being or has been subjected to discrimination or harassing acts or conduct <u>should bring such acts or conduct to the prompt attention of a teacher, pupil personnel worker, counselor, or other appropriate school administrator.</u>***

(Ex. 36, AP 4170 Discrimination and Harassment, dated 9-1-2000, at 4) (emphasis added). The

Administrative Procedure further instructs "[a]ny school employee or volunteer who receives a

complaint by a student alleging harassment or discrimination by an adult employee or volunteer"

to forward that information "to the Associate Superintendent for Human Resources, with a copy

to the Director, Equity Assurance Office, and the appropriate supervisor or designee." (Ex. 36,

AP 4170 Discrimination and Harassment, dated 9-1-2000, at 5).

In the 2014-2015 Student Rights & Responsibilities Handbook and the 2015-2016

Student Rights & Responsibilities Handbook, the Board directed students and their parents to

make reports of harassment "***directly to a teacher, counselor or administrator***":

> **How Do I Report Bullying, Harassment or Intimidation?**
> Reports of bullying, harassment or intimidation ***<u>may be made directly to a teacher, counselor or administrator</u>***. Reporting is not tattling or snitching. Reporting is providing information to an adult to address behavior that must be stopped. All reports should be documented in writing on the Bullying, Harassment or Intimidation Reporting Form. The form is available in schools, in this handbook and on the PGCPS website. The electronic form allows anyone to report directly to the school administrator or designee in a confidential format.

(Ex. 37, 2014-2015 Student Rights Handbook, at 13) (emphasis added); (Ex. 38, 2015-2016

Student Rights Handbook, at 13) (emphasis added).

Here, viewed in the light most favorable to Plaintiffs, it is clear that the question of whether a "teacher, counselor or administrator" constitute appropriate persons under Title IX is a factual question for the jury. The Board's own policy governing harassment instructs students to report harassment to a "teacher, pupil personnel worker, counselor, or other appropriate school administrator," with further instructions that the employee provide that information to administrators. (Ex. 36, AP 4170 Discrimination and Harassment, dated 9-1-2000, at 4-5). This policy is reinforced by the directives in the Student Rights Handbooks for the years Carraway was at Judge Sylvania Woods Elementary School to report harassment "directly to a teacher, counselor or administrator." (Ex. 37, 2014-2015 Student Rights Handbook, at 13); (Ex. 38, 2015-2016 Student Rights Handbook, at 13). These policies clearly indicate that the Prince George's County Board of Education designated administrators, school counselors, and teachers as appropriate persons to report sexual harassment. Put simply, this is a question of fact for jury determination.

## II.     The M.W. Affidavit.

Exhibit 23 (ECF 20-24) is a police statement given by M.W. Plaintiffs have attached an affidavit signed by M.W. incorporating the previously filed exhibit as one under oath. (Ex. 39, Affidavit and Statement).

## III.     Conclusion.

For the reasons stated above and in Plaintiffs' initial opposition, Plaintiffs' request that the Court deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

By:        /s/

Timothy F. Maloney
Matthew M. Bryant
Alyse L. Prawde
JOSEPH, GREENWALD & LAAKE, P.A.
6404 Ivy Lane, Suite 400
Greenbelt, Maryland 20770
301/220-2200 (tel.)

F. Scott Lucas, Esq.
4301 Mountain Laurel Way
Brandywine, MD 20613
240/305-4013
fscottlucas@gmail.com

David Simpson, Esq.
DAVID M. SIMPSON, P.A.
6404 Ivy Lane, Suite 408
Greenbelt, MD 20770

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of January, 2020, a copy of the foregoing was served on all counsel of record via the Court's ECF system.

       /s/

Matthew M. Bryant